IN THE STATE COURT OF BIBB COUNTY
STATE OF GEORGIA

RECEIVED
STATE COURT OF
BIBB COUNTY GEORGIA
2009 MAY 29 PM 1:08

CLERK STATE COURT

| | |
|---|---|
| ELECHIA GIBSON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action File No. 71856 |
| WAL-MART STORES EAST, LP., WAL-MART STORES EAST, INC., WAL-MART STORES, INC., and KEVIN McCUEN, | ) ) ) ) ) |
| Defendants. | ) |

## COMPLAINT

COMES NOW Plaintiff Elechia Gibson (hereinafter "Plaintiff"), and files her Complaint for Damages against Defendants, showing this Honorable Court as follows:

1.

Defendant Wal-Mart Stores East, LP (hereinafter referred Wal-Mart Stores East, LP) is a foreign corporation operating for profit and authorized to transact business in the State of Georgia. Defendant Wal-Mart Stores East, LP may be served through its registered agent Corporation Process Company at 328 Alexander Street, Suite 10, Marietta, Georgia 30060.

2.

Jurisdiction is proper as to Defendant Wal-Mart Stores East, LP.

3.

Venue is proper as to Defendant Wal-Mart Stores East, LP.

4.

Service and service of process is proper as to Defendant Wal-Mart Stores East, LP.

5.

At all times mentioned herein, Defendant Wal-Mart Stores East, LP. owned, operated, possessed, controlled and/or managed the grounds and facility known as Wal-Mart (hereinafter Wal-Mart) located on 1401 Gray Highway, Macon (NE), GA 31211.

6.

On or about April 26, 2008, Defendant Wal-Mart Stores East, LP was responsible for management of the aforementioned Wal-Mart including ensuring that it was kept in a safe condition for its invitees, including Plaintiff.

7.

Defendant Wal-Mart Stores East, Inc. (hereinafter referred Wal-Mart Stores East, Inc.) is a foreign corporation operating for profit and authorized to transact business in the State of Georgia. Defendant Wal-Mart Stores East, Inc. may be served through its registered agent Corporation Process Company at 328 Alexander Street, Suite 10, Marietta, Georgia 30060.

8.

Jurisdiction is proper as to Defendant Wal-Mart Stores East, Inc.

9.

Venue is proper as to Defendant Wal-Mart Stores East, Inc.

10.

Service and service of process is proper as to Defendant Wal-Mart Stores East, Inc.

11.

At all times mentioned herein, Defendant Wal-Mart Stores East, Inc. owned, operated, possessed, controlled and/or managed the grounds and facility known as Wal-Mart located 1401 Gray Highway, Macon (NE), GA 31211

12.

On or about April 26, 2008, Defendant Wal-Mart Stores East, Inc. was responsible for management of the aforementioned Wal-Mart including ensuring that it was kept in a safe condition for its invitees, including Plaintiff.

13.

Defendant Wal-Mart Stores, Inc. (hereinafter referred Wal-Mart Stores, Inc.) is a foreign corporation operating for profit and authorized to transact business in the State of Georgia. Defendant Wal-Mart Stores, Inc. may be served through its registered agent Corporation Process Company at 328 Alexander Street, Suite 10, Marietta, Georgia 30060.

14.

Jurisdiction is proper as to Defendant Wal-Mart Stores Inc.

15.

Venue is proper as to Defendant Wal-Mart Stores, Inc.

16.

Service and service of process is proper as to Defendant Wal-Mart Stores, Inc.

17.

At all times mentioned herein, Defendant Wal-Mart Stores Inc. owned, operated, possessed, controlled and/or managed the grounds and facility known as Wal-Mart located at 1401 Gray Highway, Macon (NE), GA 31211

18.

On or about April 26, 2008, Defendant Wal-Mart Stores, Inc. was responsible for management of the aforementioned Wal-Mart including ensuring that it was kept in a safe condition for its invitees, including Plaintiff.

19.

Kevin McCuen is a resident of Georgia.

20.

At the time of the incident at issue, Defendant McCuen was acting as an agent, employee and representative of Defendant Wal-Mart.

21.

Defendant McCuen was actively negligent as it relates to the cause of the incident which is the subject of Plaintiff's Complaint.

22.

At the time of the incident at issue, Defendant McCuen had managerial or other similar responsibilities and duties which included inspection of the premises in ensuring that it was maintained in a safe condition for use by invitees, including Plaintiff. At the time of the incident at issue, Defendant McCuen was acting as an employee and/or agent of one or more Wal-Mart Defendants.

23.

At the time of the incident, Defendant McCuen breached his duty to Plaintiff in allowing a hazard to exist without warning such that Plaintiff fell resulting in significant and permanent injuries.

24.

Defendant McCuen was actively negligent in failing to ensure that the premises were kept in a safe condition. Defendant McCuen acted with misfeasance which caused or contributed to Plaintiff's fall and resulting injuries.

25.

On or about April 26, 2008, Defendant McCuen was working as an agent or employee of one or more of the collective Wal-Mart Defendants. (Wal-Mart Stores East, LP, Wal-Mart Stores East, Inc. and/or Wal-Mart Stores, Inc.)

26.

On or about April 26, 2008, Defendant McCuen was actively negligent which caused or contributed to the incident set forth within Plaintiff's Complaint resulting in Plaintiff's injuries and damages.

27.

Defendant McCuen is a Georgia and Bibb County resident.

28.

Jurisdiction is proper as to Defendant McCuen.

29.

Venue is proper as to Defendant McCuen.

30.

Service of process are proper and timely as to Defendant McCuen

31.

On or about April 26, 2008, Plaintiff was an invitee of one or more Defendants at all times discussed herein.

32.

The hazard which caused Plaintiff's fall was known or should have been known as a hazard to one or more Defendants prior to the incident at issue.

33.

One or more Defendants failed to warn Plaintiff of the hazard which caused her fall despite actual and/or constructive knowledge of its existence.

34.

As a result of said injuries, Plaintiff has incurred reasonable, necessary, and substantial medical and other healthcare expenses in an amount which will be proven at the time of trial and will continue to incur said expenses as future medical care is needed.

35.

The injuries suffered by Plaintiff as described herein are continuing and permanent in nature.

36.

The injuries sustained by Plaintiff are the direct and proximate result of the negligence on the part of one or more Defendants. But for said negligence, Plaintiff would not have suffered the injuries and losses discussed herein.

37.

At all times mentioned herein, Defendant Wal-Mart Stores East, LP exclusively controlled and managed the Wal-Mart at issue. Defendant Wal-Mart Stores East, LP had a legal duty to keep its premises, including the building at issue, in a condition consistent with due regard for the safety of its invitees, including Plaintiff.

38.

At all times mentioned herein, Defendant Wal-Mart Stores East, Inc. exclusively controlled and managed the Wal-Mart at issue. Defendant Wal-Mart Stores East, Inc. had a legal duty to keep its premises, including the building at issue, in a condition consistent with due

Case 5:09-tc-05000 Document 84-2 Filed 07/09/2009 Page 7 of 12

regard for the safety of its invitees, including Plaintiff.

39.

At all times mentioned herein, Defendant Wal-Mart Stores, Inc. exclusively controlled and managed the Wal-Mart at issue. Defendant Wal-Mart Stores, Inc. had a legal duty to keep its premises, including the building at issue, in a condition consistent with due regard for the safety of its invitees, including Plaintiff.

40.

Defendant Wal-Mart Stores East, LP was negligent in failing to inspect and locate, correct, mark, remove, warn, safely design, remove, or repair the defective and hazardous condition existing on its premises, thereby creating an unreasonable risk of injury to its invitees, including Plaintiff. Said Defendant failed to have an adequate inspection procedure and/or abide by any applicable inspection procedure.

41.

Defendant Wal-Mart Stores East, Inc. was negligent in failing to inspect and locate, correct, mark, remove, warn, safely design, remove, or repair the defective and hazardous condition existing on its premises, thereby creating an unreasonable risk of injury to its invitees, including Plaintiff. Said Defendant failed to have an adequate inspection procedure and/or abide by any applicable inspection procedure.

42.

Defendant Wal-Mart Stores, Inc. was negligent in failing to inspect and locate, correct, mark, remove, warn, safely design, remove, or repair the defective and hazardous condition existing on its premises, thereby creating an unreasonable risk of injury to its invitees, including Plaintiff. Said Defendant failed to have an adequate inspection procedure and/or abide by any

applicable inspection procedure.

43.

One or more Defendants knew of, or by the exercise of due care for the safety of its invitees, including Plaintiff, should have known of the defective and hazardous condition(s) existing in its premises and that the failure to inspect and locate, correct, mark, remove, warn, safely design, remove or repair said condition(s) was likely to result in the precise injuries suffered by the Plaintiff.

44.

One or more Defendants were and are negligent per se.

45.

One or more Defendants had actual knowledge of the defective and hazardous condition(s) existing on its premises through the direct knowledge of their employees and agents.

46.

One or more Defendants had constructive knowledge of the defective and hazardous condition(s) existing in its premises due to the presence of their employees and agents within the immediate area of the hazardous condition, their design and approval of the area where the fall occurred, prior inspections of the area where the fall occurred, and due to the condition's existence for an unreasonable period of time.

47.

One or more Defendants and their employees and agents were intimately familiar with the type of defective and hazardous condition(s) existing in its premises and had actual and constructive knowledge of the hazard at issue.

48.

One or more Defendants were negligent and said negligence proximately caused Plaintiff's injuries in the following ways, to-wit:

(a) Violation of O.C.G.A. 51-3-1 by failing to use ordinary care to keep the premises safe;

(b) In failing to properly inspect and maintain the premises;

(c) In knowingly allowing its invited guests to utilize an unsafe area of the premises;

(d) In failing to post warning signs or warning markings;

(e) Failure to properly train and supervise its employees in regard to the care of said premises; and

(f) Failure in retaining, entrusting, hiring, training and supervising said employees.

49.

Although one or more Defendants knew, or in the exercise of reasonable diligence should have known, of the risks of injuries to its invitees from said hazardous condition(s) existing in its premises, they negligently failed to take reasonable precautions to guard against the dangerous condition(s) and failed to protect its invitees, including Plaintiff therefrom.

50.

One or more Defendants negligently maintained said premises and at all times herein mentioned, failed and neglected to correct, mark, inspect, remove, or repair the premises or to guard against injuries to its invitees, including Plaintiff, although said condition had existed for such a length of time that one or more Defendants, their agents, officers, servants, or employees knew or should have known thereof and the likelihood of injury to persons at said location.

51.

Plaintiff shows that she exercised ordinary care and diligence under the circumstances then existing prior to the incident at issue.

52.

One or more Defendants knew, or with the exercise of reasonable care should have known, of the hazardous condition(s) on its premises, but negligently failed to correct, mark, remove, or repair such dangerous condition(s), and such negligence by one or more Defendants was the proximate cause of the Plaintiff's injuries and the damages incidental thereto.

53.

Defendant McCuen was actively negligent in failing to comply with his duties described by the balance of one or more of the Defendants or Georgia law which resulted in Plaintiff's injuries and damages.

54.

That in addition to the aforementioned damages, the Plaintiff has and will suffer the following damages:

(a) Personal injuries;

(b) Pain and suffering;

(c) Disability;

(d) Disfigurement;

(e) Mental anguish;

(f) Loss of the capacity for the enjoyment of life;

(g) Impaired ability to labor;

(h) Future medical expenses;

(i) Permanent injuries;

(j) Consequential damages to be proven at trial; and

(k) Lost wages.

55.

Plaintiff was not negligent as to the fall at issue.

56.

That each of the forgoing acts and omissions constitute an independent act of negligence on the part of one or more Defendants and one or more or all of said herein above stated acts were the proximate cause of the injuries and damages sustained by the Plaintiff.

WHEREFORE, Plaintiff prays for a judgment to be awarded to her and against Defendants for the following:

(a) That Plaintiffs have judgment against one or more Defendants in an amount the jury finds will compensate Plaintiff for her injuries and damages, general, compensatory, consequential and special, which have been sustained;

b) That all costs be taxed against Defendants;

c) That this Court grant such other and further relief as it deems just and proper; and;

d) Plaintiff hereby demands a jury trial for all issues so triable.

TRIAL BY JURY IS HEREBY DEMANDED.

This ____ day of May, 2009.

JAMES A. RICE, JR., P.C.

James A. Rice, Jr.
Georgia State Bar No. 602811
Attorney for Plaintiff

750 Hammond Drive
Building 4, Suite 300
Atlanta, Georgia 30328
(404) 255-4448