IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| ELECHIA GIBSON, | : |
| Plaintiff, | : |
| v. | : Case No. 5:09-CV-228 (HL) |
| WAL-MART STORES EAST, LP, WAL-MART STORES EAST, INC., WAL-MART STORES, INC., and KEVIN MCCUEN, | : |
| Defendants. | : |

### ORDER

This matter is before the Court on Plaintiff's Motion to Remand (Doc. 7) (the "Motion"). For the following reasons, the Motion is denied.

The Plaintiff originally filed this suit, a slip and fall case, in the State Court of Bibb County, Georgia against Wal-Mart Stores East, LP, Wal-Mart Stores East, Inc., Wal-Mart Stores, Inc., (the "Wal-Mart Defendants") and Kevin McCuen. The Wal-Mart Defendants filed a Notice of Removal (Doc. 1), thereby removing the case to this Court.

The initial inquiry in deciding a motion to remand is whether federal subject matter jurisdiction is appropriate in the district court. In a case such as this one, in which removal is based on diversity of citizenship jurisdiction, the issues are whether there is complete diversity between all plaintiffs and all defendants, and whether the jurisdictional amount is satisfied. 28 U.S.C. § 1332. There is no dispute that the jurisdictional

amount is met in this case, so the only issue is whether there is complete diversity.

The Wal-Mart Defendants in this case have shown that there is complete diversity. The Wal-Mart Defendants are residents of Arkansas, Defendant McCuen is a resident of Georgia, and the Plaintiff, from what has been shown, is a resident of Mississippi. The Wal-Mart Defendants have presented a significant amount of evidence that tends to show that the Plaintiff is a Mississippi resident. The Wal-Mart Defendants produced a customer statement, signed at the time of her accident, wherein she provided her home address as in Moss Point, Mississippi. The Wal-Mart Defendants also produce evidence that all of medical providers identified by the Plaintiff to date are located in Pascagoula, Mississippi. The Wal-Mart Defendants also show that the only employer identified by the Plaintiff to date is the Beau Rivage Casino Resort in Pascagoula, Mississippi.

While the Wal-Mart Defendants have consistently alleged that the Plaintiff is a resident of Mississippi, and have even presented the above evidence tending to show it, the Plaintiff never attempts to rebut this showing. The Plaintiff never makes a single allegation or evidentiary showing regarding her state of residence, not in her Complaint, not in her Brief in Support of her Motion to Remand, and not in her Reply brief. Plaintiff does nothing to show that she moved her residence to Georgia in during the fourteen months between the accident and the removal of this

2

action.  Instead, the Plaintiff concentrates her arguments on the issue of whether Defendant McCuen was fraudulently joined.  What the Plaintiff fails to appreciate is that, if the Plaintiff is not a Georgia resident, the issue of whether or not Defendant McCuen was fraudulently joined for jurisdictional purposes is irrelevant.  In other words, if Plaintiff cannot show that she is a resident of Georgia, then, as the case is currently situated, there is complete diversity and there is no basis for remand.

The Wal-Mart Defendants have met their burden of showing that the parties are diverse.  Until Plaintiff can present evidence that at the time this case was removed to this Court she was a Georgia resident, remand is not appropriate as this Court has subject matter jurisdiction over this case.

For the foregoing reasons, the Motion to Remand (Doc. 7) is denied.

**SO ORDERED**, this the 9th day of November, 2009.


*s/ Hugh Lawson*
HUGH LAWSON, JUDGE

jch

3