**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

ELECHIA GIBSON,                          :
                                         :
          Plaintiff,                     :
                                         :
v.                                       :        Case No. 5:09-CV-228 (HL)
                                         :
WAL-MART STORES EAST, LP,                :
WAL-MART STORES EAST, INC.,              :
WAL-MART STORES, INC., and               :
KEVIN MCCUEN,                            :
                                         :
          Defendants.                    :

## <u>ORDER</u>

This matter is before the Court on Plaintiff's Motion for
Reconsideration (Doc. 20) (the "Motion"), and on Plaintiff's Motion for
Leave to File Supplemental Brief in Support of Plaintiff's Motion for
Reconsideration (Doc. 22) (the "Reply Motion").  For the following reasons,
both motions are denied.

## I.      Factual Background

Plaintiff filed this personal injury suit against Defendants Wal-Mart
and Kevin McCuen in the State Court of Bibb County, Georgia.  Wal-Mart
timely filed its Notice of Removal based on diversity of citizenship
jurisdiction.  McCuen had not been served at the time of removal, but has
since been served.  Plaintiff filed a motion to remand this case to the state
court, which this Court denied.  Plaintiff has now filed this Motion, asking
this Court to reconsider its order denying remand.

## II.   Discussion

*A.   Motion for Reconsideration*

Federal courts are courts of limited subject matter jurisdiction.

Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1260-61 (11th Cir. 2000).

Federal district courts may only hear cases for which there has been either

a constitutional or a congressional grant of jurisdiction.  Id. at 1261.

Congress has granted federal district courts jurisdiction to hear diversity of

citizenship cases, that is, cases in which (a) all of the plaintiffs are citizens

of states different from the states where defendants are citizens and (b) the

amount in controversy exceeds $75,000.  28 U.S.C. § 1332.

Generally, the plaintiff is the "master" of her lawsuit, and, as long as

the jurisdictional elements have been satisfied, courts will not interfere with

a plaintiff's choice of forum.  However, Congress did provide non-resident

defendants a vehicle for avoiding supposed local prejudice.  See, e.g.,

Browne v. Hartford Fire Ins. Co., 168 F.Supp. 796, 797 (D.C.Ill. 1959).  A

defendant may remove such a case to federal court if the case is one over

which the district court could exercise original jurisdiction.  28 U.S.C. §

1441.  Additionally, if an otherwise removable case is based on diversity of

citizenship jurisdiction, a defendant may remove the case "only if none of

the parties in interest properly joined and served as defendants is a citizen

of the state in which such action is brought."  Id. at § 1441(b).  This

otherwise curious provision makes sense when one considers that the

2

purpose for removal is to allow an out-of-state defendant to avoid potential prejudice in the plaintiff's home court.  If a properly served defendant is a resident of the forum state, though, the purpose for the removal statute no longer exists.

In most cases, the issue of whether a case is properly removed requires a rather straightforward analysis and presents few problems. Indeed, the analysis involves two steps.  First, the court must decide if diversity of citizenship subject matter jurisdiction exists.  Second, the court must determine whether the case is removable.  This second step involves two further steps: first, determining whether the case was one that could have been brought in the district court; and second, determining whether there are any impediments to removal.

Applying the above analysis to this case, diversity of citizenship jurisdiction exists because all parties are diverse—the Plaintiff is a resident of Mississippi, McCuen is a resident of Georgia, and Wal-Mart is a resident of Arkansas—and the amount in controversy exceeds $75,000. Determining whether the case is removable, though, is problematic.  First, this case could have been brought in this Court because this Court has subject matter jurisdiction and personal jurisdiction over this case. However, there does appear to be an impediment to removal.  One of the defendants, McCuen, is a citizen of the forum state.  Under § 1441(b), McCuen's presence seems to make this case unremovable.  However, at

3

the time Wal-Mart filed its notice of removal, the Plaitiff had yet to serve McCuen.

Wal-Mart argues that, because McCuen was not served until after the notice of removal had been filed, he was not "properly joined and served" for the purposes of § 1441(b).  As only a properly joined and served resident defendant prevents removal, Wal-Mart properly removed the case because there was no properly joined and served resident defendant in this case at the time of removal.

In response, the Plaintiff directs this Court to the Supreme Court's holding in Pullman Co. v. Jenkins, 305 U.S. 534, 541, 59 S.Ct. 347, 350 (1939).[1]  In Pullman, the Supreme Court held that "[i]n [the case of a non-separable controversy against a resident defendant,] the fact that the resident defendant has not been served with process does not justify removal by the non-resident defendant."  305 U.S. at 541, 59 S.Ct. at 350.

Thus quoted, Pullman appears to support the Plaintiff's argument for remand.  This quote, though, must be read in context to determine its real meaning.  When read in context, it is clear that Pullman does not support the Plaintiff's argument.

---

[1]  In her Reply Motion, the Plaintiff asks this Court for permission to file a brief in reply to Wal-Mart's response to the Plaintiff's Motion for Reconsideration.  In her Reply Motion, the Plaintiff provides a citation to a case which she believes is dispositive of the issue of whether an unserved resident defendant defeats removal.  As will be discussed below, according to Local Rule 7.6, there can be no reply brief to a motion for reconsideration.  Nevertheless, the Court will consider the holding of Pullman, the case that the Plaintiff seeks to introduce in her proposed reply.

4

The <u>Pullman</u> plaintiffs were California residents and representatives of their decedent's estate.  The plaintiffs brought suit in California state court against Southern Pacific Company ("SPC"), the Pullman Company, and various individual, unnamed defendants alleged to have contributed to the injuries and death of the decedent.  SPC, which was not a resident of California, removed the case to the federal district court.  The plaintiffs moved to remand the case to the state court, but the district court denied the motion.  In the meantime, the plaintiffs had perfected service upon some of the previously unserved and unidentified individual defendants.  At least two of the now-served individual defendants were California residents.  On appeal, the circuit court held that the district court erred in not remanding.  The Supreme Court agreed that the district court committed error in denying the motion to remand, but disagreed with the circuit court's reasoning.

First, the <u>Pullman</u> court established the rule that, in a case involving several defendants, a non-resident defendant may remove the case whether or not all of the defendants have been served.  <u>Pullman</u>, 305 U.S. at 540, 59 S.Ct. at 350.  This rule is inapplicable, though, when the case involves a resident defendant.  <u>Id.</u> at 541, 59 S.Ct. at 350.  In that case, the fact that the resident defendant has not been served with process does not justify removal by the non-resident defendant.  <u>Id.</u>

5

This is where the context becomes crucial.  The essential thing to remember about Pullman is that complete diversity did not exist between the parties.  Id. at 536-37, 59 S.Ct. at 348.   Remember that the plaintiffs were residents of California, as were several of the individual defendants. Id.  Applying the removal analysis, then, shows that this case was not removable because there was no federal subject matter jurisdiction in the first place.  There was no need for the supreme court to go beyond the first step to determine whether the removal was proper.

The fact that the removal analysis was not at issue, though, does not render the Plaintiff's quote as dicta.  The Plaintiff's quote does not apply to the second prong of the analysis—whether the case is removable—but instead to the first—whether subject matter jurisdiction exists.  This is because SPC, in effect, was trying to ignore the residence of the unserved resident defendant for the purposes of determining whether diversity of citizenship federal subject matter jurisdiction existed.  The court held that this was improper because complete diversity is determined by looking to the residences of all defendants regardless of whether they have been served.  What this case stands for, then, is not the position that an unserved resident defendant always destroys removability, but that diversity of citizenship subject matter jurisdiction is determined from looking at the residences of all the defendants, regardless of whether those parties have been served.  See Pecherski v. General Motors Corp., 636 F.2d

6

1156, 1160-61 (8th Cir. 1981) ("In light of this purpose, we decline to read section 1441(b) as expanding removal jurisdiction, but rather conclude that section 1441(b) did not change the removal requirement set forth in Pullman that a court, in determining the propriety of removal based on diversity of citizenship, must consider all named defendants, regardless of service."); <u>Wensil v. E.I. Dupont de Nemours and Co.</u>, 792 F.Supp. 447, 448 (D.S.C. 1992).

The <u>Pullman</u> case a confusing, but this interpretation is no doubt correct.  Other courts have come to the same conclusion.  While not binding on this Court, the analysis of the court in <u>Wensil</u> is instructive.  As in this case, and unlike in <u>Pullman</u>, in <u>Wensil</u> there was complete diversity between the parties.  The plaintiff, arguing for remand, made the same arguments as the Plaintiff does here.  The court in <u>Wensil</u> did not agree with the Plaintiff.

> . . . .  In each of the cases cited [by the plaintiff in support of remand], the unserved resident co-defendant also destroyed diversity jurisdiction.  Courts have routinely held that Section 1441(b) does not permit a non-resident defendant to remove an action to federal court before the resident defendant is served[] if joinder of the resident defendant defeats diversity jurisdiction.
>
> The rationale underlying the cases cited by the plaintiff does not apply in this instance.  An action, to be removable, must be one which could have been brought in federal court.  Diversity jurisdiction is determined by the face of the complaint, not by which defendants have been served.  Section 1441(b) is a limitation on <u>removal</u> jurisdiction, rather than a mechanism for expanding diversity jurisdiction.  Thus, courts have refused to permit removal under Section 1441(b) when the complaint reveals that complete diversity

7

> is lacking.  Here, however, there is complete diversity between all
> plaintiffs and all defendants.  Section 1441(b) is not being used to
> expand diversity jurisdiction.

Wensil, 792 F.Supp. at 448 (citations omitted) (emphasis added).  The

court concludes, "The statute is clear.  The presence of unserved resident

defendants does not defeat removal where complete diversity exists."  Id.

at 449.

In applying the above analysis in this case, Wal-Mart's removal was

proper.  Even though McCuen is a resident of Georgia whose presence

otherwise would prevent removal, in this case he was not "properly joined

and served" until after removal, so his presence cannot defeat removal.[2]

See, e.g., Pecherski, 636 F.2d at 1160-61 (8th Cir. 1981); Everett v. MTD

Products Inc., 947 F.Supp. 441, 442-43 (N.D. Ala. 1996); Wensil, 792

F.Supp. at 448.

Based on the foregoing, the Motion for Reconsideration (Doc. 20) is

denied.

*Reply Motion*

According to Local Rule 7.6, on a motion for reconsideration, "[t]here

shall be no reply brief."  Therefore, the Reply Motion (Doc. 22) is denied.

---

[2]  As has been recognized by other courts, this may lead to a strange result.  A
case such as this one, where original jurisdiction exists, may be removable on one
day (for example, when only the non-resident defendant has been served, as
here) and not removable the next (after all defendants have been served).  This
is the consequence of the language of the statute, however, and it should not
affect the ruling in this case.

8

For the foregoing reasons, the Motion (Doc. 20) and the Reply Motion (Doc. 22) are denied.

**SO ORDERED**, this the 28th day of January, 2010.


s/  *Hugh Lawson*
HUGH LAWSON, SENIOR JUDGE

jch

9