IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| ELECHIA GIBSON, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : Case No. 5:09-CV-228 (HL) |
| | : |
| WAL-MART STORES EAST, LP, | : |
| WAL-MART STORES EAST, INC., | : |
| WAL-MART STORES, INC., and | : |
| KEVIN MCCUEN, | : |
| | : |
| Defendants. | : |

## ORDER

This matter is before the Court on the Motion to Dismiss Kevin McCuen (Doc. 9) (the "Motion") filed by Wal-Mart Stores East LP, Wal-Mart Stores East Inc. and Wal-Mart Stores Inc. (the "Wal-Mart Defendants"). For the following reasons, the Motion is denied.

The Wal-Mart Defendants filed this motion to dismiss Defendant McCuen on the theory that he was fraudulently joined. "Fraudulent joinder is a judicially created doctrine that provides an exception to the requirement of complete diversity." Triggs v. John Crump Toyota, Inc., 154 F.3d 1284, 1287 (11th Cir. 1998). Fraudulent joinder is "[t]he filing of a frivolous or otherwise illegitimate claim against a non-diverse defendant solely to prevent removal . . . ." Brooks v. Paulk & Cope, Inc., 176 F.Supp. 1270, 1273 (M.D. Ala. 2001). In this case, the question of defeating removal by joining Defendant McCuen is irrelevant because, pursuant to

this Court's Orders (Docs. 19 & 23), this case was properly removed based on diversity of citizenship subject matter jurisdiction.  Therefore. the question of fraudulent joinder is moot and the Motion (Doc. 9) is denied.

**SO ORDERED**, this the 24th day of February, 2010.

*s/  Hugh Lawson*
HUGH LAWSON, SENIOR JUDGE

jch

2